# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL HART, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 15-CV-599-W-DGK |
| ) | |
| ITC SERVICE GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER COMPELLING ARBITRATION BUT DEFERRING THE QUESTION OF COLLECTIVE ARBITRABILITY TO THE ARBITRATOR

In this putative collective action brought under the Fair Labor Standards Act, Plaintiffs are looking to recover allegedly unpaid wages from Defendants, their employers. Before working for Defendants, however, Plaintiffs contractually agreed to submit any employment-related claims to arbitration.

Now before the Court are the parties' cross-motions to compel arbitration. Defendants want to compel individual arbitration (Docs. 25, 57). Plaintiffs agree that arbitration is warranted, but want to arbitrate collectively. They ask the Court to reserve to the arbitrator the question of whether they must arbitrate on an individual basis (Doc. 34).

As explained below, the Court finds that Plaintiffs must submit their claims to arbitration, but leaves to the arbitrator the question of whether they may proceed on a collective basis. Therefore, the Court DENIES Defendants' motions, GRANTS Plaintiffs' motion, and stays the action until the parties have arbitrated these claims.

### Background

Defendant ITC Service Group, Inc., installs and services telecommunications products for Defendant Google Fiber. The remaining Defendants are managers for ITC Service Group.

Plaintiffs also worked for ITC Service Group, each in a different capacity: Jesse Allen as an installation and service technician, Cody Hickcox as a master installation specialist, and Michael Hart as a supervisor.

As a condition of their employment, each Plaintiff signed a document captioned "Mutual Arbitration Agreement" (Doc. 26-1 at 6–11, 13–18, 20–25). The Mutual Arbitration Agreement contains four relevant provisions. First, it requires Plaintiffs to submit any employment-related claims against Defendants to arbitration. Second, it limits Plaintiffs to pursuing their claims on an individual basis.

Third, the agreement requires arbitration to be conducted according to the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA"). These Rules let the arbitrator, not a court, resolve objections relating to the "existence, scope or validity of the arbitration agreement." AAA Rule 6(a) (Doc. 26-2 at 18). Fourth, the Mutual Arbitration Agreement repudiates any later contracts that purport to modify it, unless they are in writing and expressly reference it.

Each Plaintiff later signed a "Temporary Contract Employment Agreement." (Docs. 36-1 at 9–20, 36-2 at 9–18, 36-3 at 9–24). Like the Mutual Arbitration Agreement, the Temporary Contract Employment Agreement obliges the parties to submit their employment-related claims to an arbitrator under the AAA Rules. Unlike the Mutual Arbitration Agreement, the Temporary Contract Employment Agreement does not prohibit collective or class arbitration. The Temporary Contract Employment Agreement does not explicitly reference the Mutual Arbitration Agreement, but it does claim to constitute the parties' full employment agreement and to "supersede[] all prior agreements and understanding" on the issue. (Doc. 36-1 at 13).

Plaintiffs signed each of these agreements with ITC Service Group, but the agreements also purport to apply to its affiliates, related entities, executives, and employees.

Over the course of Plaintiffs' employment, Defendants allegedly failed to properly pay them and then retaliated against Plaintiff Hart for seeking payments. Plaintiffs filed this five-count, putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219.

**Discussion**

The parties seek to enforce the arbitration provisions in their contracts, but in different ways. Defendants argue that this case must be submitted to individual arbitration because the Mutual Arbitration Agreement prohibits collective arbitration. Plaintiffs argue that collective arbitration is allowed because the subsequent Temporary Contract Employment Agreement—which contains no such prohibition—superseded the Mutual Arbitration Agreement. They acknowledge that the Mutual Arbitration Agreement can be modified only in a writing expressly referencing it, but argue that whether the later contract supersedes the former is a jurisdictional question reserved for the arbitrator, not the Court.

Subject to limitations not relevant here, the Federal Arbitration Act deems "valid, irrevocable, and enforceable" any contractual provision that requires the parties to settle their controversies by arbitration. 9 U.S.C. § 2. Accordingly, a party sued on such a controversy may move to stay the proceedings and compel arbitration. *Id.* §§ 3–4.

Motions to compel arbitration often present threshold challenges independent from the controversies' merits. But a federal court is not always the appropriate body to decide these questions. "Questions of arbitrability," which involve the enforceability of the arbitration clause and its scope, are presumptively decided by a judge. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010); *Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d

1098, 1100 (8th Cir. 2014). "Procedural" questions, which "grow out of the dispute" and include issues like waiver, delay, and exhaustion, are presumptively decided by the arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

It is unclear whether the availability of collective arbitration is a question of arbitrability or a procedural question. *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n.2 (2013) (declining the resolve the issue). *But compare Avon Prods., Inc. v. Local 710*, 386 F.2d 651, 658–59 (8th Cir. 1967) (suggesting that the issue may be procedural), *with Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 329, 335–36 (3d Cir. 2014) (holding the opposite). However, it ultimately does not matter how the Court classifies the question of whether later contracts supersede the earlier contracts and permit collective arbitration, because in either event the question is for the arbitrator to decide.

First, the Court assumes that Plaintiffs' argument is a question of arbitrability. A court "presume[s] threshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator." *Eckert/Wordell Architects*, 756 F.3d at 1100. An arbitration clause that incorporates the AAA Rules is such a "clear and unmistakable indication." *Id.*

Here, the parties incorporated the AAA Rules into both the Mutual Arbitration Agreement and the Temporary Employment Agreement. The AAA Rules endow the arbitrator with the power to rule on the agreements' scope. Therefore, the parties have clearly and unmistakably intended for the arbitrator, not the Court, to decide whether the Mutual Arbitration Agreement and Temporary Employment Agreement, read together, permit Plaintiffs to arbitrate with Defendants on a collective basis.

If the availability of collective arbitration is actually a procedural question, then it is presumed to be for the arbitrator. *Howsam*, 537 U.S. at 84. Defendants fail to explain how they have overcome this presumption. Therefore, the Court is still not the appropriate forum to address this argument.

As for whether the arbitration clauses apply to Google Fiber, whose name does not explicitly appear on the contracts but who arguably qualifies as an affiliate or related entity of ITC Service Group, that is a question of arbitrability. *See Eckert/Wordell Architects*, 756 F.3d at 1100. For the reasons above, the arbitrator will also decide whether Plaintiffs' claims against Google Fiber are subject to these arbitration provisions.

By delegating authority to decide this issue to an arbitrator, the parties' contracts foreclose judicial review over their collective-arbitration arguments. The Court will enforce the arbitration clauses in the Mutual Arbitration Agreement and Temporary Contract Employment Agreement by staying the action and directing the parties to arbitrate this dispute. *See* 9 U.S.C. § 3 ("[T]he court . . . *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." (emphasis added)). The Court orders arbitration generally, without addressing whether the Temporary Contract Employment Agreement gives Plaintiffs the right to force collective arbitration; that is for the arbitrator to decide.[1]

## Conclusion

In view of the foregoing, Defendants' motions to compel individual arbitration (Docs. 25, 57) are DENIED, and Plaintiffs' motion to compel arbitration but defer the issue of collective arbitration (Doc. 34) is GRANTED. The Court stays this action until further order. Plaintiffs

---

[1] The Court denies Defendants' request for damages, attorneys' fees, and expenses, leaving that issue for the arbitrator.

5

must promptly submit all claims in the Amended Complaint to arbitration in accordance with the Mutual Arbitration Agreement (Doc. 26-1) and Temporary Contract Employment Agreement (Docs. 36-1, -2, -3).  The Court defers the collective arbitration question to the arbitrator.

No later than December 2, 2016, the parties must jointly file a report updating the Court as to the status of the arbitration.  The parties must immediately inform the Court if the arbitration proceedings terminate before then.

**IT IS SO ORDERED.**

Date:  June 2, 2016  　　　　　　　　　　　　 /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT