**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HART, *et al*,. individually and on behalf of classes of similar employees, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-CV-599-W-DGK |
| ITC SERVICE GROUP, INC., *et al*., | ) ) | |
| Defendants. | ) ) | |

**SUGGESTIONS IN SUPPORT OF**
**JOINT MOTION FOR LEAVE TO FILE UNDER SEAL JOINT MOTION FOR ORDER**
**CONFIRMING ARBITRATOR'S ORDER APPROVING OF SETTLEMENT OF FLSA**
**CLAIMS, ATTORNEY'S FEES, AND INCENTIVE FEES**

Plaintiffs Jesse Allen and Cody Hickcox, as Representatives of the above-captioned collective action and on behalf of themselves and all others similarly situated, ("Plaintiffs") and Defendants ITC Service Group, Inc., Tim Sauer, Scott Mitchell, Bob Gonzalez, Patti Sanderson, and Google Inc. ("Defendants") (collectively, "the Parties") jointly submit the following Suggestions in Support of their Joint Motion for Leave to File Under Seal Joint Motion For Order Confirming Arbitrator's Order Approving Of Settlement Of FLSA Claims, Attorney's Fees, And Incentive Fees.

## I.    Introduction

This Court compelled arbitration of this matter on June 2, 2016. After substantial settlement negotiations, the parties reached a fair and equitable settlement of the claims.[1] Arbitrator Mark Berger approved the settlement agreement on May 1, 2017. Court approval is necessary for settlement of FLSA claims under 29 U.S.C. §216(b). To preserve a confidentiality

---

[1] The settlement for which the Parties seek approval encompasses only the claims made by Plaintiffs Allen and Hickcox and others similarly situated. Plaintiff Hart's claims are being resolved separately on an individual basis.

clause in the Parties' settlement agreement, the Parties are requesting leave of the Court to file under seal their Joint Motion For Order Confirming Arbitrator's Order Approving Of Settlement Of FLSA Claims, Attorney's Fees, And Incentive Fees. Pursuant to the CM/ECF Civil and Administrative Procedures Manual and Users Guide, page 8, the Parties will email to chambers their proposed Joint Motion For Order Confirming Arbitrator's Order Approving Of Settlement Of FLSA Claims, Attorney's Fees, And Incentive Fees.

## II.    Argument

### A.    This Motion Should Be Granted In Order to Maintain the Confidentiality Of The Settlement Terms.

A court has supervisory powers over its own records, and thus this Court has discretion to allow the Parties to file the subject documents under seal. *See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co*., 898 F.2d 1371 (8th Cir. 1990). The public's interest in access to certain court documents is important, however, "it is not absolute." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978); *Wood v. Robert Bosch Tool Corp.*, 2016 U.S. Dist. LEXIS 165612, * 13 (E.D. Mo. Nov. 30, 2016). To that end, although the Eighth Circuit has acknowledged a common-law right of public access to judicial records in a civil proceeding, *see  Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990), it does not recognize a "strong presumption" favoring such access. *Id.* at 1376 (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)). The common-law right of access "is not absolute, but requires a weighing of competing interests." *Id.* at 1371. The decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Id.*  at 1374.

In exercising its discretion to seal judicial records in civil proceedings, a court balances "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709

2

F.3d 1220, 1223 (8th Cir. 2013). The common-law right of access serves such interests as "bolster[ing] public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings," and allowing citizens "to keep a watchful eye on the workings of public agencies." *Id.* at 1222 (quoting *Nixon*, 435 U.S. at 598). Importantly, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

**B.      District Courts Routinely Permit Parties To File FLSA Settlement Documents Under Seal.**

District Courts in this Circuit routinely permit parties to file FLSA settlement documents under seal when requested by the parties. *See, e.g., Fast v. Applebee's Int'l, Inc.*, No. 06-4146 (W.D. Mo. Aug. 31, 2012, and Nov. 1, 2012) (Laughrey, J.) (Doc. Nos.377 and 383); *Johnson v. General Mills, Inc.*, No. 10-1104 (W.D. Mo. Oct. 28, 2011, and Feb. 23, 2012) (Dorr, J.) (Doc. Nos. 54 and 59); *Dernovish v. AT&T Operations, Inc.*, No. 09-15 (W.D. Mo. Feb. 7, 2011) (Smith, J.) (approving confidentiality of the financial terms of the settlement agreement); *Brown v. Reddy Ice Corp.*, No. 4:14CV1786 RLW (E.D. Mo., May 19, 2016); *Sanderson v. City of Potosi,* Case No. 4:13-CV-1457 NAB (E.D. Mo., May 3, 2016); *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF (E.D. Mo., Apr. 1, 2016); *Herbst v. Ressler & Assocs., Inc.*, No. 4:13-CV-2327 CAS (E.D. Mo., May 21, 2015); *Williams v. BPV Mkt. Place Investors, L.L.C.,* No. 4:14-CV-1047 CAS (E.D. Mo., Oct. 7, 2014); *Fry v. Accent Marketing Services, Inc.,* No. 4:13 CV 59 CDP (E.D. Mo. Jan. 27, 2014) ("the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain filed under seal."); *Thompson v. Corizon, Inc.*, No. 12-164, 2013 U.S. Dist. LEXIS 46695 (E.D. Ark. Apr. 1, 2013) (approving confidential settlement agreement after in camera review); *Graham v. Central Def. Sec.*, No. 12-460, 2012 U.S. Dist. LEXIS 175897 (E.D. Ark. Dec. 12, 2012) (same); *Bacon v. Dolgencorp, Inc.*, No. 10-155, 2011 U.S. Dist. LEXIS 135739 (D. Neb.

Nov. 23, 2011) (permitting parties to file settlement agreement under seal for in camera review).[2]

### C. The Parties' Interests Weigh In Favor Of Permitting The Settlement Documents To Be Filed Under Seal.

Confidentiality of the settlement agreement was and is a key, material term of the resolution of this matter. It was expressly agreed to and bargained for by the Parties and, without it, Defendants would have been discouraged from settlement. If the parties are required to publicly disclose the details of the settlement agreement, then a material provision of the settlement agreement – the confidentiality provision – will be negated. As the court explained in *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993), "[c]onfidential settlements benefit…the parties…The secrecy of a settlement agreement and the contractual rights of the parties thereunder *deserve court protection*." (Emphasis added).

The parties' have a strong interest in sealing these documents. Confidentiality of the settlement terms is, and has been, a material driver to the successful negotiation of a settlement in this case. The Court should allow the parties to file and maintain the documents under seal.

### D. The Public Has A Strong Interest In Permitting The Settlement Terms To Remain Under Seal Because Doing So Encourages Settlements.

Sealing the Parties' settlement documents is in the public interest, in addition to being in the Parties' interests. Indeed, permitting settlement documents to be filed under seal *encourages* settlement, and denying the ability to do so *discourages* settlements. It is axiomatic that settlements themselves are in the public's interest. To that end, numerous courts have recognized that the public therefore has a significant interest in maintaining the confidentiality of settlements to the extent they encourage settlement. *See*, *e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (recognizing that "preserving the confidentiality of settlement

---

[2] Some other district courts have refused to seal FLSA settlement documents. *See, e.g., Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917 (S.D.N.Y. Aug. 20, 2013).

4

agreements may encourage settlement, and that denying a motion to seal may chill future settlement discussions"); *see also Kalinauskas, supra,* 151 F.R.D. at 365 (explaining that confidential settlements "benefit society…by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties"). Thus, district courts generally have "'the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes.'" *United States v. Glens Falls Newspapers*, 160 F.3d 853, 856 (2d Cir. 1998), *quoting City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991).

In *In re September 11 Litig.*, 2010 U.S. Dist. LEXIS 14805, *24 (S.D.N.Y. 2010), the court ruled that public policy "favors compromise of hard-fought complex litigation." Thus, the court continued, "there is a strong public interest in the settlement and resolution of complex and expensive cases, and the trial courts 'must protect that public interest, as well as the interests of the parties, by encouraging the most fair and efficient resolutions of those cases.'" *Id.* at *24-25, *quoting United States v. Glens Falls Newspapers*, 160 F.3d 853, 856 (2d Cir. 1998). Similarly, in *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 459 (N.D.N.Y 1999), the court explained that the "public interest in maintaining the confidentiality is [] strong" because "protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, permitting disclosure would discourage settlements, contrary to the public interest." The *Hasbrouck* court also highlighted some of the many benefits the public reaps through settlements, including the conservation of judicial and private resources, higher levels of satisfaction among litigants, and "[m]ost importantly, a settlement produces finality and repose upon which people can order their affairs." *Id.* at 458.

Like the cases above, there is undoubtedly a strong public interest in this settlement being

5

fully and finally resolved. Because Defendants were motivated to enter into this settlement on the condition that it would be maintained confidentially, the public itself has a strong interest in maintaining the agreement and its terms confidentially. If Defendants (or other parties) are not permitted to file motions discussing confidential settlement terms under seal, it will discourage settlement, which is contrary to the public's interest.

In sum, there is a strong public interest in permitting these documents to be filed under seal because it encourages settlements. Conversely, forcing Defendants to announce to the world the amount that they are willing to spend to put this case behind them, notwithstanding the denial of any liability, merely serves to discourage Defendants and others from agreeing to future settlements, which is not in the public interest.

**E.    There Is No Countervailing Public Interest In Not Permitting The Settlement Documents To Remain Under Seal.**

While there are strong interests, both of the Parties and of the public, in filing the documents under seal, there is no other countervailing public interest against permitting the filing of those documents under seal in this case. The primary instances in which courts have found a public interest exists against sealing settlement documents is when it pertains to health and safety issues that affect the general public, or if it implicates a public entity or official. *See, e.g., Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011). *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (observing that courts are more likely to deny a sealing order when "'a party benefitting from the order of confidentiality is a public entity or official,' or when the judicial record 'involves matters of legitimate public concern.'"). None of these issues or interests is implicated here.

**III.   CONCLUSION**

For these reasons, the Parties jointly request the Court grant them leave to file under seal

their Joint Motion For Order Confirming Arbitrator's Order Approving Of Settlement Of FLSA

Claims, Attorney's Fees, And Incentive Fees and grant all other relief it deems just and proper.


Respectfully submitted,


**MCCAULEY & ROACH, LLC**

By: /s/ Morgan L. Roach
Morgan L. Roach, #59116
Michael T. Miller, #62007
Nicholas S. Ruble, # 64127
527 W. 39th Street, Suite 200
Kansas City, Missouri 64111
Phone: (816) 523-1700
Fax:     (816) 523-1708
morgan@mccauleyroach.com
mike@mccauleyroach.com
nicholas@mccauleyroach.com
**Attorneys for Plaintiffs**


**LITTLER MENDELSON, P.C.**

By: /s/ Daniel B. Boatright
Daniel B. Boatright, #38803
S. Jane Preuss, #50952
Jason N.W. Plowman, #67495
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
dboatright@littler.com
jpreuss@littler.com
jplowman@littler.com
**Attorneys for Defendant Google Fiber, Inc.**

**JACKSON LEWIS, P.C.**

By: /s/ Kyle B. Russell
Kyle B. Russell, # 52660
Brian J. Christensen, # 53497
Lindsey L. Poling, # 60798
7101 College Blvd., Suite 1150
Overland Park, KS 66210
Phone:  (913) 981-1018
Fax:     (913) 981-1019
Kyle.Russell@jacksonlewis.com
Brian.Christensen@jacksonlewis.com
Lindsey.Poling@jacksonlewis.com
**Attorneys for Defendants ITC Service Group, Inc. Scott Mitchell, Bob Gonzalez, and Patti Sanderson**