IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HART, et al., individually and On behalf of classes of similar employees, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15-CV-00599-DGK |
| ITC SERVICE GROUP, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER DENYING LEAVE TO FILE UNDER SEAL MOTION FOR ORDER CONFIRMING ARBITRATOR'S ORDER APPROVING SETTLEMENT

This case arises out of Plaintiffs' employment as installation and service technicians with Defendant ITC Service Group, Inc. Plaintiffs allege ITC Service Group along with the other Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by willfully failing to pay them overtime compensation. Defendants deny the allegations. On June 2, 2016, the Court granted the parties' cross-motions to compel arbitration (Doc. 63).

Now before the Court is the parties' "Joint Motion for Leave to File Under Seal Joint Motion for Order Confirming Arbitrator's Order Approving of Settlement of FLSA Claims, Attorney's Fees, and Incentive Fees" (Doc. 71). The parties report they have reached a proposed settlement agreement as to Plaintiffs Jesse Allen and Cody Hickcox and seek leave to file the arbitrator's order approving settlement of claims, attorney's fees, and incentive fees under seal. For the reasons below, the motion is DENIED.

### Discussion

There is a common law presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Jessup v. Luther*, 277 F.3d 926, 928-930 (7th

Cir. 2002) (Posner, J.) ("The general rule is that the record of a judicial proceeding is public."). This presumption is based not only on the values underlying the free-speech and free-press clauses of the First Amendment, but also on the fact that the public cannot adequately monitor the judiciary's performance if records of judicial proceedings are kept secret. *Jessup*, 277 F.3d at 928. Of course, "[i]n most cases when the parties settle, the court does not examine or approve their agreements" because the settlement is a private contract and not part of the court's record. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (ordering FLSA settlement agreement to be unsealed). But, an FLSA settlement must be approved by the court, and once approved it becomes part of the judicial record and is presumptively open to the public. *Jessup*, 277 F.3d at 928-30; *In re Sepracor Inc. FLSA Litigation*, MDL No. 2039-DGC, 2009 WL 3253947, at *1-2 (D. Ariz. Oct. 8, 2009) (unsealing FLSA settlement agreement, noting strong presumption for keeping FLSA settlement agreements unsealed and available for public view); *Stalnaker*, 293 F. Supp. 2d at 1263 (noting the presumption in favor of openness is strongest when the document at issue is an FLSA wage-settlement agreement).

In practice, this right to public records creates a presumption in favor of disclosure. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). This presumption even extends to private settlements, such as this one, which require court approval. *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011). But the right of access is not absolute; a party may overcome the presumption of openness by showing a *compelling* need to seal documents. *In re Neal*, 461 F.3d at 1053.

A compelling need exists, for example, if the settlement agreement compromises personal safety, reveals trade secrets, or identifies a minor. *See, e.g.*, *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (recognizing the protection of a confidential informant as a compelling

government interest justifying the reception of evidence under seal); *IDT Corp. v. eBay*, 709 F.3d 1220, 1223-24 (8th Cir. 2013) (finding a company's "confidential and competitively sensitive information" warranted sealing the complaint); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011) (granting an appellant's request to file under seal an appendix to the appellate record that contained personal information about a minor). A court, however, will not seal documents that were integral to its approval of a settlement simply because the parties agreed to keep the material terms confidential. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834–35 (7th Cir. 2013) (Posner, J., in chambers). Ultimately, in determining whether to seal documents, the court must balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

In support of their motion the parties argue: (1) a confidentiality provision is part of the proposed settlement; (2) courts routinely permit FLSA settlements to be filed under seal; and (3) the parties' interests and public's interest weigh in favor of sealing the settlement documents. These arguments are unavailing.

The parties have not rebutted the presumption of openness. There is no claim that the proposed settlement concerns any highly sensitive matter that would rebut the presumption in favor of openness and justify sealing the record. *See Jessup*, 277 F.3d at 928; *In re Sepracor*, 2009 WL 3253947, at *1 (holding confidentiality provision insufficient interest to overcome presumption in unsealing FLSA settlement). This is an ordinary FLSA settlement, thus it should be open to the public. While sealing the record may encourage one or both parties to settle, the public's access to judicial records is not a bargaining chip the parties may trade away in their settlement negotiations.

## Conclusion

For the foregoing reasons, the Court DENIES the parties' motion (Doc. 71). No later than July 3, 2017, the parties must file—but not under seal—a copy of the Arbitrator's order approving the settlement, including any attachments. The parties may not redact any portion of the filings, except as permitted by Federal Rule of Civil Procedure 5.2(a).

**IT IS SO ORDERED.**

Date:  June 23, 2017              /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT