**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00599-DGK |
| | ) | |
| ITC SERVICE GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER CONFIRMING ARBITRATOR'S AWARD

In this putative collective action brought under the Fair Labor Standards Act, Plaintiffs are looking to recover allegedly unpaid wages from Defendants, their employers. On June 2, 2016, after finding the parties had entered into an arbitration agreement, the Court ordered the parties to litigate their claims in arbitration. On May 1, 2017, the arbitrator approved the settlement reached between Plaintiffs Cody Hickcox and Jesse Allen and Defendants.[1]

Now before the Court is the parties' joint motion for Order Confirming Arbitrator's Order Approving of Settlement of FLSA Claims, Attorney's Fees, and Incentive Fees (Doc. 75) for Plaintiffs Allen and Hickcox. For the following reasons the motion is GRANTED.

**Background**

Defendant ITC Service Group, Inc., installs and services telecommunications products for Defendant Google Fiber. The remaining Defendants are managers for ITC Service Group. Plaintiffs Allen and Hickcox also worked for ITC Service Group, each in a different capacity: Allen as an installation and service technician and Hickcox as a master installation specialist.

As a condition of their employment, each Plaintiff signed a document captioned "Mutual Arbitration Agreement" (Doc. 26-1 at 6–11, 13–18, 20–25) and later a "Temporary Contract

---

[1] Plaintiff Hart's claims are being resolved separately.

Employment Agreement." (Docs. 36-1 at 9–20, 36-2 at 9–18, 36-3 at 9–24). Both agreements compelled arbitration for employment-related claims against Defendants.

On June 2, 2016, the Court ordered the parties to litigate their claims in arbitration (Doc. 63). As a result, the parties reached a settlement of all claims and the arbitrator approved that settlement by order on May 1, 2017. While the parties disagreed which of the arbitration agreements applied, both agreements contained a provision for judicial confirmation of the arbitration award. Accordingly, the parties jointly request the Court to confirm the arbitration award.

## Discussion

An arbitrator's decision is subject to limited judicial review. *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010). Under the Federal Arbitration Act ("FAA"), a court must grant a motion to confirm an arbitration award unless the award is vacated, modified, or corrected for reasons outlined in §§ 10 and 11.[2] 9 U.S.C. § 9.

The parties move the Court jointly to confirm the award, and neither party argues the arbitrator's order should be vacated, modified, or corrected. Accordingly, the Court GRANTS the parties' joint motion to confirm the Arbitrator's order approving the parties' settlement, attorney's fees, and incentive fees, as to Plaintiffs Allen and Hickcox.

**IT IS SO ORDERED.**

Dated:  August 30, 2017          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

---

[2] Section 10 permits vacatur in circumstances involving corruption, fraud, arbitrator misconduct, and where the arbitrator exceeds their powers. Section 11 permits modifying or correcting an award where there is a material miscalculation, an award on a matter not submitted, and where the award is imperfect in a matter of form. 9 U.S.C. §§ 10, 11.